IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF: | ) | IN PROCEEDINGS UNDER |
| | ) | CHAPTER 11 |
| HEATHER L.M. DOYLE | ) | |
| | ) | NO. 06-05975 |
| | ) | JUDGE BLACK, B.J. (JOLIET) |

RESPONSE TO DEBTOR'S MOTION TO EXTEND AUTOMATIC STAY

NOW COMES CHASE HOME FINANCE ("CHASE"), by and through its counsel Fisher and Shapiro, LLC, and objecting to the Debtor's Motion to Extend Automatic Stay states as follows:

1. That Debtor fails to state in her "AFFIDAVIT" (AFFIDAVIT, paragraph 3) what months she was "limited" in "her ability to work for an extended period of time." When the trustee filed the motion to dismiss for material default, first heard on December 2, 2005, the Debtor was $4,800.00 in arrears, and with monthly payments due of $750.00, she missed more than 6 months, and would not have been paying since about June, 2005. The AFFIDAVIT is not sufficient in that it lacks facts supporting the time in which payments were not forthcoming.

2. The AFFIDAVIT further neglects and fails to state whether the second position with the Plainfield Consolidated School District 202, referenced in Schedule I as "Part time job (Plainfield School District 202)" (AFFIDAVIT, paragraph 4) is permanent such that it will pay over the 41 month life of the plan.

3. Comparing Schedule I in case 06-05975 against Schedule I in case 04-33932, the Debtor alleges she has an increase in income per month from her first employer of $20.60, an increase in income from her son's benefit program of $47.00, and her second income from the part time job with the school district of $546.31, but she has a reduction in income from her mother of $162.00 and no income from her grandmother, formerly $300.00. Thus, her overall income is alleged to have increased by $152.31. Notwithstanding, she has reduced payment to the trustee from $750.00 to $695.00. She has also extended the life of the plan from 45 months to 51 months. The reduction is unsupported, although income increased $152.31. Reduction of payment is not evidence of good faith, nor is extension of repayment time (life of the plan).

4. The AFFIDAVIT fails to state whether, or how, Debtor will repay unpaid real property taxes to protect CHASE HOME FINANCE, LLC from a tax sale. The plan in case 04-33932 planned to pay for unpaid real property taxes going back to 2003 of

$3,765.14, but because the Debtor defaulted the trustee was unable to remit any funds to the Will County Treasurer (see the "Trustee's Final report and Account", attached hereto as Exhibit A). The Debtor's current plan proposes to pay for 2005 unpaid real property taxes. What became of the 2003 taxes, and presumably, the 2004 taxes? Were either paid directly by the Debtor outside of the bankruptcy? The AFFIDAVIT does not provide facts as to this issue.

5.  CHASE HOME FINANCE, LLC brought a motion for relief from the stay in case 04-33932 for default of the post-petition mortgage liability. The motion was filed on January 27, 2006, for first hearing on February 10, 2006, and the hearing was continued to March 3, 2006. While the motion was pending, the case was dismissed on February 17, 2006. Did the Debtor have funds to pay the then post-petition current mortgage payments for December, 2005, and January and February 2006? If not, why not? Didn't the Debtor have the increased income from the part time job with the school district? As the AFFIDAVIT neglects and fails to provide facts about the starting time for the second position with the school district, this Court and CHASE HOME FINANCE, LLC have no way of determining whether the Debtor has met her burden of good faith in seeking another stay in another chapter 13 case: if she had the funds, she had the obligation to pay the mortgage, and if she didn't have the funds, why will this next case be successful?

6.  No pay advices regarding the second position with the school district are attached to the AFFIDAVIT or the Motion to Extend Automatic Stay to demonstrate Debtor's ability to make payment in case 06-05975.

7.  The AFFIDAVIT fails to address why the Debtor did not go forward with the refinance, wherein on December 16, 2005 she obtained an Order of court to refinance. If she was "limited" in "her ability to work for an extended period of time " (AFFIDAVIT, paragraph 3) and the period of time was on or before December 16, 2005, why didn't she advise the Court in December 2005 that she was limited in employment, and unlikely to receive refinancing funds from a new lender? If she withheld important information like a limit in employment and a limit in income, how will this Court and CHASE HOME FINANCE, LLC be able to evaluate whether she met her burden by clear and convincing evidence, as the presumption is the she has not filed in good faith following the dismissal of the prior case within one year (11 U.S.C. 362 (c)(3)(C)?

8.  If anything, the Debtor has demonstrated a clear and convincing attempt to circumvent the foreclosure rights of CHASE HOME FINANCE, LLC, which scheduled a sheriff's sale for May 31, 2006, with the filing of her petition on May 24, 2006, when she had since February 17, 2006 (following dismissal of case 04-33932) to show her clear and convincing evidence of the success of another chapter 13 case. This case was designed to hold off the sheriff's sale and does little if anything to demonstrate good faith and a desire to pay creditors.

9.  That Debtor would have creditors believe that by being "gainfully employed" (AFFIDAVIT, paragraph 4) the Debtor's second try will be more successful than the prior case, but while Debtor increased income by $152.31 on paper, she elects to pay

none of the increase to the trustee, reducing payment from $750.00 to $695.00. And the lesser payment is supposed to show that same is in the "best interests of all parties hereto" (AFFIDAVIT, paragraph 5)?

10.     That neither Debtor's motion nor the AFFIDAVIT has met the burden of clear and convincing evidence and the stay should not extend as to CHASE HOME FINANCE, LLC.

WHEREFORE, for the reasons set forth hereinabove, the Motion to Extend Automatic Stay is inadequate and CHASE HOME FINANCE, LLC, prays for an order denying the Motion and for such additional relief as this Honorable Court deems appropriate.

                                Respectfully submitted,


                                By: ___/s/ Michael J. Kalkowski_____
                                Counsel for CHASE HOME FINANCE,
                                          LLC

Richard Aronow #3123969
Michael J. Kalkowski #6185654
FISHER AND SHAPIRO, LLC
4201 Lake Cook Rd.
Northbrook, IL. 60062
(847) 498-9990